IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JABARI LYLES, on his own behalf and on behalf of all others similarly situated, ) ) ) | Case No. 1:19-cv-3235 |
| Plaintiff, ) ) | Hon. Richard D. Bennett |
| v. ) ) | |
| CHEGG, INC., ) ) | |
| Defendant. ) ) ) ) | |

**DEFENDANT CHEGG, INC.'S MOTION FOR CLARIFICATION OR MODIFICATION OF THE COURT'S APRIL 27, 2020 ORDER**

Defendant Chegg, Inc. ("Chegg") respectfully requests that the Court clarify its April 27, 2020 Order (ECF No. 25) ("Order") granting Chegg's motion to compel arbitration of Plaintiff Jabari Lyles's ("Lyles") claims against Chegg stemming from the data security incident Chegg announced in September 2018. Subsequent to the Order, Lyles materially breached the arbitration agreement and, to the extent severable, the clause in that agreement delegating matters of arbitrability to the arbitrator.

Chegg now seeks clarification of the provision in the Order that states, "The parties will proceed to arbitration." Specifically, Chegg respectfully requests that the Court clarify that this term does not require Chegg to arbitrate Lyles's cyberattack-related claims even though Chegg is no longer under an enforceable contractual obligation to do so.

In the alternative, Chegg respectfully requests that the Court modify the Order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and find that the Order no longer

requires Chegg to proceed to arbitration based on Lyles's subsequent material breaches of the arbitration provision and Chegg's subsequent exercise of its right, by reason of such material breaches, to cease performance under that provision.

In making this motion, Chegg relies upon the Memorandum, Declaration of Douglas Meal and exhibits attached thereto, Declaration of Nicole Gelsomini and exhibit attached thereto, Declaration of Darin Tehada, Declaration of Michelle Murff, and Declaration of Ashwini Tasgaonkar in support of the motion.

Dated: August 4, 2020

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _/s/ Jonathan A. Direnfeld_

Jonathan A. Direnfeld (Bar No. 28859)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
jdirenfeld@orrick.com
Telephone:  (202) 339-8614

Douglas H. Meal (*admitted pro hac vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
dmeal@orrick.com
Telephone:  (617) 880-1880

Michelle Visser (*admitted pro hac vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
mvisser@orrick.com
Telephone:  (415) 773-5518

David Cohen (*admitted pro hac vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
david.cohen@orrick.com

*Attorneys for Defendant Chegg, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2020, a copy of the foregoing document was filed electronically and is available for viewing from the Court's ECF system.  Notice of this filing will be sent to counsel of record via the Court's ECF system.

*/s/ Jonathan A. Direnfeld*
Jonathan A. Direnfeld